IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CYNTHIA COTTLE WHEELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CV 119-189 |
| ) | |
| ANDREW M. SAUL, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff appeals the decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.     BACKGROUND**

Plaintiff applied for DIB on September 15, 2016, alleging a disability onset date of November 26, 2012. Tr. ("R."), pp. 29, 208-11. Plaintiff's last insured date for purposes of the DIB application is December 31, 2018. R. 31. Plaintiff was fifty-five years old on her alleged disability onset date and sixty-one years old at the time the ALJ issued the decision currently under consideration. R. 221. Plaintiff alleged disability based on the following conditions: anxiety;

chronic back pain; allergies; chronic sinusitis; arthritis; migraines; bursitis; sleep apnea; depression; and inability to lift due to bladder surgery. R. 225. Plaintiff has a master's degree in educational media, (R. 226), and prior to her alleged disability date, had accrued relevant work history as a school library media specialist. R. 53-55, 248.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 29, 113, 133. Plaintiff requested a hearing before an ALJ, (R. 148-49), and the ALJ held a hearing on July 17, 2018. R. 45-86. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, Carrol Crawford, a Vocational Expert ("VE"), and Barry Steven Wheeler, a witness and Plaintiff's husband. Id. On October 23, 2018, the ALJ issued an unfavorable decision. R. 29-39.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since November 26, 2012, the alleged onset date (C.F.R. § 404.1571 *et seq.*).

2. The claimant has the following severe impairments: arthropathy, bilateral carpal tunnel syndrome, bladder disorder with past surgeries, migraines, depressive disorder, obstructive sleep apnea, thyroid disorder, anxiety disorder, and irritable bowel syndrome ("IBS") (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

4. The claimant has the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b)[1] except the claimant can lift and

---

[1]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work,

   carry 20 pounds occasionally, and 10 pounds frequently; can sit for 6 hours in an 8 hour shift; can stand and/or walk for 6 hours in an 8 hour shift; can handle and finger objects bilaterally frequently; can frequently climb ramps or stairs; can occasionally climb ladders, ropes, or scaffolds; can frequently balance, stoop, kneel, crouch, and crawl; work must be located near a bathroom; the claimant would need to miss 1 day of work per month on a consistent basis; and the claimant would be off task 5% of the work day in addition to regularly scheduled breaks.

5. Considering the claimant's age, education, work experience, and RFC, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 C.F.R. §§ 404.1569, 404.1569a, and 404.1568(d)).

R. 25-39.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the ALJ's RFC determination as a whole is not supported by substantial evidence, and his findings relevant to Plaintiff's carpal tunnel syndrome ("CTS") in the RFC is not supported by substantial evidence. See doc. no. 9 ("Pl.'s Br."). Further, Plaintiff argues the AC erred by denying review after Plaintiff submitted a post-hearing functional capacity evaluation to the AC. Pl.'s Br., pp. 20-24; doc. no. 11 ("Pl.'s Reply Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 10. ("Comm'r's Br.").

---

   you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

## II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III.  DISCUSSION

#### A.  The ALJ's RFC Determination is Supported by Substantial Evidence

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012).

Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of

5

Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

An ALJ must consider all of a claimant's impairments, severe and non-severe, in combination. Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 825 (11th Cir. 2010) (citing Bowen, 748 F.2d at 635); see also 20 C.F.R. § 404.1545(a)(2) ("If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity."). As one of the Commissioner's policy interpretation rulings explains,

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim.

SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). That is, in combination with other limitations, a "not severe" impairment may prevent the return to past relevant work or narrow the range of other work that may still be available to a claimant. Id.

### 1. The ALJ considered all of Plaintiff's Impairments in the RFC

The ALJ found Plaintiff could perform light work with additional limitations as stated in § I., supra. R. 34. The ALJ thoroughly discussed Plaintiff's subjective complaints, medical evidence, and the weight accorded to the physician opinions. R. 34-37. Citing Plaintiff's medical records with respect to each of her impairments, the ALJ found these impairments were largely benign. R. 35. Additionally, mental examinations were normal with only

6

mentions of depression and anxiety. R. 36. These benign and normal findings led the ALJ to discredit Plaintiff's subjective complaints as inconsistent with the medical records. R. 35-36.

Plaintiff argues additional limitations in the RFC were warranted based on Plaintiff's subjective complaints of migraines, which she stated occurred once per month and lasted "sometimes two days." See R. 64. Rejecting these complaints, the ALJ allowed for only one day of work absence per month in the RFC. The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). The Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id.

When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding."[2] Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). The ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F.

---

[2]On March 16, 2016, Social Security Ruling ("SSR") 16-3p superseded SSR 96-7p. SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). SSR 16-3p eliminates the use of the term "credibility" and clarifies "subjective symptom evaluation is not an examination of an individual's character." Id. However, the change in terminology does not change the substance of the Court's analysis. See Cates v. Comm'r of Soc. Sec., 752 F. App'x 917 (11th Cir. 2018); Waters v. Berryhill, CV 316-002, 2017 WL 694243, at *6, n.4 (S.D. Ga. Jan. 30, 2017), *report and recommendation adopted by* 2017 WL 693275 (S.D. Ga. Feb. 21, 2017.)

App'x 812, 814 (11th Cir. 2011) (citing 20 C.F.R. § 404.1529(c)(4)).

Subjective symptom evaluations "are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[3] As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The [subjective symptom] determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

Substantial evidence and good causes exist to support the ALJ's discrediting of Plaintiff's subjective complaints regarding her migraines. Medical records dated February 15, 2016, show medication controlled Plaintiff's migraines well. R. 429. In a consultative examination with Lamar Peacock, M.D., on January 17, 2017, Plaintiff reported her migraines were "usually pretty well relieved with Imitrex." R. 572. Plaintiff admitted she stopped taking preventative medication for her migraines because Imitrex is so effective at relieving the migraine's effects. R. 57-58, 64-65; see Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988) ("A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling."); Duval v. Comm'r of Soc. Sec., 628 F. App'x 703, 709-11 (11th Cir. 2015) (*per curiam*) (affirming ALJ's reliance on medication controlling claimant's symptoms as

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

basis for discounting both physician opinion and claimant's subjective complaints).  The ALJ cited these medical facts, which constitute substantial evidence supporting the ALJ's determination of one day of absence per month.

Plaintiff also argues consideration of her additional impairments should have caused the ALJ to allow for more than one day of absence per month.  The evidence does not support such a finding.  As stated by the ALJ, psychologist Kevin Turner, M.D determined Plaintiff's depression and anxiety only constituted a mild impairment. R. 579-82.  Plaintiff's bladder disorder subsided after surgery, with records in 2016 showing only some urinary urgency and only urinary leakage when she is "full." R. 509-14.  Plaintiff's IBS showed only a 2mm polyp in the sigmoid colon with no evidence of another neoplasia. R. 33, 375.  Furthermore, the ALJ accounted for Plaintiff's urinary urgency and IBS by requiring Plaintiff's work to be located near a bathroom and allowing Plaintiff to be off task five percent of the day in addition to regular work breaks. R. 34.  Plaintiff also cites to her CTS, but fails to explain why this condition would cause her to need additional monthly absences from work or cause her to be off task more than five percent of the day.  As further explained in § III.A.2, infra, the ALJ accounted for all work limitations associated with Plaintiff's CTS in the RFC.

Further, "'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [his] decision,' so long as the decision enables the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." Lewen v. Comm'r of Soc. Sec., 605 F. App'x 967, 968 (11th Cir. 2015) (quoting Dyer, 395 F.3d at 1211); see also Cooper v. Comm'r of Soc. Sec., 521 F. App'x 803, 808-09 (11th Cir. 2013) ("the ALJ stated that he considered the record in its entirety, and he was not required to discuss every piece of evidence in denying her application for disability benefits").  The ALJ specifically stated he considered all of

9

Plaintiff's symptoms and all of the evidence of record. R. 34, 37. Further, the ALJ's decision contains a thorough discussion of Plaintiff's impairments, and Plaintiff's argument the ALJ's decision did not include specific, well-articulated findings is meritless. Thus, it is clear Plaintiff considered all of her impairments in determining her RFC.

Plaintiff also argues the one-day absence per month in the RFC is only related to Plaintiff's IBS. However, Plaintiff misreads the ALJ's decision. Instead, the ALJ clearly states Plaintiff's work must be located near a bathroom, and separately, she would be absent on a consistent basis once per month. R. 37. The ALJ did not single out Plaintiff's IBS in making this finding. In sum, the ALJ clearly stated he reviewed Plaintiff's impairments in combination, and he provided a thorough discussion of Plaintiff impairments. The Court will not revisit the issue of disability *de novo*. Thus, the Court finds the ALJ's RFC determination is supported by substantial evidence.

### 2. The ALJ Properly Considered Plaintiff's CTS

Plaintiff argues the ALJ incorrectly found Plaintiff could handle and finger objects bilaterally frequently as opposed to only occasionally. The Court disagrees. In rejecting Plaintiff's subjective complaints of CTS as inconsistent with the medical record, and finding Plaintiff's CTS merited only a "frequent fingering and handling" limitation, the ALJC cited the following facts gleaned from the medical records: (1) no diagnostic imaging supported a diagnosis of arthritis; (2) physical examination showed normal grip strength; (3) after CTS surgery on her right hand in September 2016, Plaintiff reported no unusual tenderness or swelling; (4) post-operative examination by her physician found Plaintiff's range of motion was good with no unexpected tenderness; (5) Plaintiff maintained good strength in her upper extremities, and her touch and pain sensation were intact as late as February 28, 2017; and (6)

10

physician examination on January 17, 2017, showed grip strength and pinch strength were five out of five, normal strength in upper and lower extremities, and normal range of motion in Plaintiff's small joints on her hands.

The Court finds the ALJ provided a well-reasoned and thorough discussion of Plaintiff's CTS and hand limitations, and his determination Plaintiff could handle and finger objects bilaterally frequently in the RFC is supported by substantial evidence. Further, the ALJ clearly considered the medical records containing more limiting findings and correctly found those findings were outweighed by the numerous benign findings as discussed above. R. 35. The Court will not reweigh the evidence.

### B.     The Appeals Council Did Not Err in Denying Review Without Considering Plaintiff's Post-Hearing Functional Capacity Evaluation

"Generally, a claimant may present evidence at each stage of the administrative process." Brock v. Comm'r of Soc. Sec. Admin., 758 F. App'x 745, 752 (11th Cir. 2018). "'If a claimant presents evidence after the ALJ's decision, the Appeals Council must consider it if it is new, material, and chronologically relevant.'" Id. (quoting Hargress v. Comm'r of Soc. Sec., 883 F.3d 1302, 1308-09 (11th Cir. 2018)). Evidence submitted to the AC is part of the administrative record and must be considered in conjunction with the entirety of the record to determine whether substantial evidence supports the ALJ's decision. Ingram v. Comm'r of Soc. Sec. Admin, 496 F.3d 1253, 1266-67 (11th Cir. 2007). "'Evidence is material if a reasonable possibility exists that the evidence would change the administrative result.'" Id. (quoting Hargress, 883 F.3d at 1309); see also Washington v. Comm'r of Soc. Sec. Admin., 806 F.3d 1317, 1321-22 (11th Cir. 2015). Evidence of medical treatment post-dating the ALJ's decision may be chronologically relevant. Id. at 1322-23. When the AC denies review after refusing to consider new evidence, that decision

is subject to judicial review. Id. at 1320-21. "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." Id. However, where the claimant presents evidence after the ALJ's decision that is not new, material, and chronologically relevant, the AC does not err in denying review without considering the additional medical records. Brock, 758 F. App'x at 752.

Plaintiff argues the AC erred by not reversing or remanding the ALJ's denial of benefits because the AC did not properly evaluate her post-hearing functional capacity evaluation, which she argues is material and undermines the ALJ's RFC finding Plaintiff can handle and finger objects bilaterally frequently. Plaintiff submitted this evaluation for consideration by the AC after the ALJ's decision. R. 12-25. The AC denied Plaintiff's request for review, finding the evaluation was not material because it did not establish "a reasonable probability that it would change the outcome of the decision." R. 1-2. The Court agrees.

Lana Hardeman, a registered and licensed occupational therapist, performed Plaintiff's functional capacity evaluation on December 10, 2018. Ms. Hardeman opined Plaintiff could exert up to twenty pounds of force occasionally and ten pounds frequently, and Plaintiff could perform light work. R. 12. Further, specific to Plaintiff's hands and CTS, Ms. Hardeman opined Plaintiff could "perform handling tasks at the frequent level with light hand activities . . . [, and] [h]and grip is sufficient for light hand tasks." R. 12. All of these findings are consistent with the ALJ's findings and RFC. Contrary to the RFC, Ms. Hardeman did find Plaintiff could only finger occasionally and perform repetitive hand tasks infrequently. R. 12, 14. However, Ms. Hardeman also noted her examination was borderline reliable because Plaintiff gave only "conservative effort with some inconsistencies." R. 24. While Ms. Hardeman's findings regarding fingering and repetitive hand tasks are more limiting than the RFC, there is still no reasonable possibility of the

ALJ's decision changing in light of Ms. Hardeman's open questioning of her findings based on Plaintiff's "conservative effort" during the evaluation. This immaterial evidence did not warrant further discussion by the AC. Brock, 758 F. App'x at 752.

### IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 20th day of July, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA